UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| LAMARR EAST,              ) | |
|     Plaintiff,          ) | |
|                           ) | |
| v.                        ) | CAUSE NO. 4:18-CV-10-TLS-JEM |
|                           ) | |
| CITY OF LAFAYETTE, INDIANA, *et al.*, ) | |
|     Defendants.        ) | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(3) and Local Rule 72-1**

This matter is before the Court due to the failure of Plaintiff Lamarr East to appear at the Show Cause Hearing of May 13, 2019, at 9:30 a.m., the Show Cause Hearing of April 10, 2019, and the Status Conference of February 27, 2019.

On January 3, 2019, the Court granted the motion to withdraw filed by Plaintiff's former counsel and set this matter for a status conference on February 27, 2019. Plaintiff East, who is proceeding *pro se* since the withdrawal of his counsel, failed to appear without explanation, so the Court set the matter for a hearing to inquire into Plaintiff's failure to appear, to be held on April 10, 2019. Plaintiff again failed to appear, so the Court set this matter for a second show cause hearing, to be held on May 13, 2019, warning Plaintiff that his failure to appear could result in sanctions, including dismissal of the case. Plaintiff did not appear at the show cause hearing set for May 13, 2019, without explanation. The docket reflects that a copy of the order was sent to Plaintiff and was received on April 22, 2019.

Under Rule 41(b), a court may dismiss a claim "[i]f the plaintiff fails to prosecute or comply with . . . a court order . . ." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is an

1

extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)) (quotation marks and other citations omitted). In most cases, the district court should warn the plaintiff that such a sanction may be imposed. *Gabriel*, 514 F.3d at 736; *see also Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff.").

Given the conduct of Plaintiff, this case presents one of those "extreme situations." *Gabriel*, 514 F.3d at 736. Plaintiff has failed to appear at the last three hearings set by the Court, and Defendants argue that he has failed to participate in discovery either before or after the withdrawal of his counsel. The Court also finds that proper warning has been given to Plaintiff. *See Gabriel*, 514 F.3d at 736; *Sharif*, 376 F.3d at 725. "'Due warning' need not be repeated warnings and need not be formalized in a rule to show cause . . . . But there should be an explicit warning in every case." *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). In this case, Plaintiff received "due warning" in a formal Show Cause Order sent via certified mail, and the Court finds that dismissal is warranted by Plaintiff's failure to comply with the Show Cause Orders of April 12, 2019, and February 27, 2019.

Accordingly, the Court finds that no cause has been shown and **RECOMMENDS** that the District Court **DISMISS this case without prejudice**.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with

a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 13th day of May, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   Chief Judge Theresa L. Springmann
      All counsel of record
      Plaintiff Lamarr East, *pro se*, by first class and certified mail, return receipt requested